IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID LUCAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19mc3879-WKW-WC |
| ) | |
| TERRY RAYBORN, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff has filed a Petition for Rule 27 Discovery (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. 636 for consideration and disposition or recommendation on all matters as may be appropriate. Plaintiff requested and was granted leave to proceed *in forma pauperis* (Docs. 2 and 5), which obligates the court to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). Upon review of the petition, the undersigned RECOMMENDS the following:

Rule 27(a)(1) of the Federal Rules of Civil Procedure provides that "A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition." David Lucas has presented to the Court a verified petition for relief pursuant to Rule 27. Lucas alleges in his Petition that he expects to be a party to several civil and criminal actions against Terry Raybon, a warden with the Alabama Department of Corrections. Doc. 1 at 1. According to Lucas, Rayborn has used inmate records to create false Facebook pages to "attract women that his face could not attract." *Id.* at 1–2. Lucas states that he cannot sue Raybon without obtaining

certain information from Facebook by court order. *Id.* He believes the information he seeks will lead directly to Raybon's I.P. address at Holman prison and Raybon's home. *Id.* at 3. Lucas believes the I.P. address used to create the false Facebook pages was used every time that Raybon logged in to one of the fake Facebook pages. *Id.* He also alleges that a second "tech firm" assigned the I.P. address to Raybon, and that company will be revealed from Facebook's documents. *Id.* at 4.

Courts agree that allowing Rule 27 to be used for discovery "before an action is commenced to enable a person to fish for some ground for bringing suit would be 'an abuse of the rule.'" *Gilford v. Bank of New York Mellon Corp. as Tr. for Certificateholders of CWALT, Inc.*, No. 12CV74, 2012 WL 13130213, at *2 (N.D. Ga. June 18, 2012), *report and recommendation adopted,* No. 12CV74, 2012 WL 13130212 (N.D. Ga. Sept. 10, 2012) (quoting *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005) (quoting 8A Charles Alan Wright et al. *Federal Practice and Procedure*, § 2071 at 651-52)); *see also In re Ford*, 170 F.R.D. 504, 508 (M.D. Ala. 1997) (finding that Rule 27 is available in special circumstances to preserve testimony that could otherwise be lost but that it is not a substitution for discovery); *Petition of State of N.C.*, 68 F.R.D. 410, 412 (S.D.N.Y. 1975) (holding that Rule 27 "cannot be used for the purpose of ascertaining facts to be used in drafting a complaint"); *In re Gurnsey*, 223 F. Supp. 359, 360 (D.D.C. 1963) (finding that Rule 27 may be used when evidence might become unavailable but is not a method to determine if a cause of action exists); *cf. Goldin v. Boce Grp., L.C.*, 773 F. Supp. 2d 1376, 1388 (S.D. Fla. 2011) (holding that discovery is authorized for parties to develop facts in a lawsuit but not in order to permit a plaintiff to find out if he has a claim).

Lucas asserts a desire to obtain information that he needs in order to file a lawsuit against Raybon but that he cannot obtain without a court order. However, he has presented no evidence that the information he seeks is in danger of being lost or destroyed or that it otherwise needs to be preserved. Thus, it is clear that he does not merely wish to preserve testimony or evidence for later use in a lawsuit but, instead, wishes to discover facts in order to determine if he may bring suit. Rule 27 may not be used for this purpose.

For the reasons set forth above, it is the RECOMMENDATION of the undersigned Magistrate Judge that the Rule 27 Petition for Discovery be DENIED and that the action be DISMISSED.

It is further

ORDERED that the Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **August 14, 2019**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th

Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 31st day of July, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE